UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE DAVID GONZALEZ OBREGON,

Petitioner,

v. Case No.: 2:26-cv-02841-SPC-NPM

DAVID HARDIN *et al.*,

Respondents.
_______________________________/

## OPINION AND ORDER

Before the Court are Jorge David Gonzalez Obregon's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Gonzalez Obregon, a noncitizen in immigration detention, sought habeas relief from this Court in *Gonzalez Obregon v. David Hardin*, M.D. Fla. Case No. 2:26-cv-2211-SPC-NPM. He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing. The Court agreed and ordered the respondents to either bring Gonzalez Obregon before an immigration judge for a bond hearing or release him from custody.

On August 7, 2026, an immigration judge found Gonzalez Obregon to be a flight risk and denied release on bond. Gonzalez Obregon filed a second

habeas petition challenging the result of the bond hearing—*Gonzalez Obregon v. Hardin*, M.D. Fla. Case No. 2:26-cv-2530-SPC-NPM. The Court denied the second petition because it does not have jurisdiction to review an immigration judge's discretionary bond decision. *See* 8 U.S.C. § 1226(e).

Gonzalez Obregon's third habeas petition is almost identical to his second. They raise the same claims, and they fail for the same reason. It appears Gonzalez Obregon has received the process he is due in the form of an individualized bond hearing.[1] Accordingly, Gonzalez Obregon's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record

[1] Gonzalez Obregon is entitled to request additional bond hearings any time there is a material change in circumstances. *See* 8 C.F.R. § 1003.19(e); 8 C.F.R. § 236.1(d)(1). There is no indication the government has refused to afford him that process.